**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**FLOYD D. PRICE,**

      **Plaintiff,**

**vs.**                             **Case No. 4:09cv156-MP/WCS**

**FREDERICK B. DUNPHY, et al.,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a amended civil rights complaint under 42 U.S.C. § 1983.  Doc. 7.  As Plaintiff was granted *in forma pauperis* status, doc. 4, the amended complaint must be reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff's amended complaint is against three Defendants: Frederick Dunphy, Florida Parole Commission Chairman, Tena Pate, Vice Chairman of the Florida Parole Commission, and Monica David, Commissioner of the Florida Parole Commission.  Doc. 7.  Plaintiff seeks declaratory and injunctive relief only in this case, and is challenging the retroactive use of parole standards and policies that were not in effect when Plaintiff

was convicted. *Id.*, at 9. Plaintiff was indicted in 1974 for capital first degree murder. He pled guilty on May 4, 1974, and sentenced to life imprisonment, "to serve no less than 25 years, before becoming eligible for parole." *Id.* Florida parole laws were amended subsequently and when Plaintiff had served the mandatory 25 year portion of his sentence and became eligible for parole, he contends the Commission has retroactively applied law and policies that are more stringent than were in effect in 1974. *Id.*

Plaintiff claims that it is only on a rare occasion that offenders who have parole-eligible life sentences and "capital lifers" are granted parole. He claims that under "current commission policy he has no realistic chance for parole." *Id.* However, he alleges that at the time of his plea, the prosecutor, the judge, and Plaintiff understood that Plaintiff "would and/or could be paroled after serving 25 years." Plaintiff complains that he has now served 36 years in prison, and would not have entered a guilty plea had he known or been advised that he "would for all purposes not to be parole eligible after serving 25 years, or any such release date would be eligible beyond one's ability to live." *Id.*

Plaintiff alleges that the amended parole laws became effective on January 1, 1979, and established guidelines for parole which Plaintiff claims "essentially divested the commission of its discretionary powers . . . ." *Id.* At Plaintiff's first parole hearing, in 1997, the Commission set his release date for the year 2100. *Id.* Plaintiff alleges that the Commission's new policy is to "almost never" grant parole to one with a life sentence "except for terminally ill prisoner, inmates without victim's opposition, or as a reward for heroic acts like saving the life of a corrections officer." *Id.* Plaintiff claims this

radical change has "retroactively increased the punishment for the crime committed by Plaintiff." *Id.* Plaintiff claims both ex post facto violations and due process violations. *Id.*

Plaintiff's claims are barred by the Statute of limitations. A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).

Although the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.* The law changed in 1979, and Plaintiff was first considered for parole in 1997. He did not initiate this case until 12 years later, in 2009. Plaintiff's case is barred from review on the merits.

Plaintiff claims that this case is not barred by the statute of limitations because each time he is considered for parole, it is a continuing violation. Doc. 7. That argument is foreclosed, however. In Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003), a state prisoner brought suit pursuant to 42 U.S.C. § 1983 asserting that the retroactive

application of a new Georgia parole policy violated the Ex Post Facto Clause. The

period of limitations was two years under Georgia law. The prisoner had been notified

by defendants in September, 1998, that he would not be considered for parole until

2006. The court held: "As of that time he knew, or should have known, all of the facts

necessary to pursue a cause of action . . . ." 327 F.3d at 1183. The claim, which was

filed more than two years later, was held to be untimely. *Id.* The court further held that

the claim was not a continuing violation because the decision not to consider the inmate

for parole "was a one time act with continued consequences, and the limitations period

was not extended." *Id.*

In a subsequent case, the court also held that: "Each time [the prisoner's] parole

reconsideration hearing is set, it does not amount to a distinct and separate injury."

Brown v. Georgia Board of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003).

That is so because it is the initial decision applying the policy, not the continued

application of the policy, which triggers the running of the statute of limitations. *Id.* "The

successive denials of parole do not involve separate factual predicates and therefore do

not warrant separate statute-of-limitations calculations." *Id.* at 1262. Plaintiff's claims

are barred as each subsequent parole review is not a continuing violation.

Moreover, even if this case could be considered on the merits, it would fail. A

claim challenging the "parole decision process" or the guidelines by which Defendant

Commissioners decide who is entitled to parole and who should be denied parole, this

argument was long ago settled in the Eleventh Circuit. In Paschal v. Wainwright, 738

F.2d 1173 (11th Cir. 1984), the court considered a challenge to the 1979 parole laws

generally cited by Plaintiff here, and held that the ultimate discretion about granting

parole is with the Parole Commission. Further,"because the [Objective Parole Guidelines Act] merely made a procedural change in how this discretion was exercised there was no ex post facto violation." Johnson v. Wainwright, 772 F.2d 826, 827 (11th Cir. 1985), *explaining* Paschal. Johnson discussed the holding in Paschal as follows:

> The guidelines have clarified the commission's exercise of its discretion. The commission has created a system by which it attempts to use its discretion in a more uniform manner than previously. The substantive power of the commission remains unchanged; only the manner in which it exercises this power has been altered.

Johnson, 772 F.2d at 827, *citing* Paschal, at 1179. Paschal has been consistently followed. *See* Damiano v. Florida Parole and Probation Commission, 785 F.2d 929, 933 (11th Cir.1986) (citing Paschal in rejecting an ex post facto challenge and holding that "[w]hen appellant was convicted in 1974, parole was a matter of complete discretion. It remains so even under the objective parole guidelines of 1978, since parole is still ultimately a matter of discretion."); Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.) (concluding the Ex Post Facto Clause was not violated when the Florida Parole and Probation Commission applied the "objective parole guidelines that had been amended after [petitioner] was incarcerated."), *cert. denied*, 479 U.S. 830 (1986). The law on this point has been well established for many years and Plaintiff's claims lack merit.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** as barred by the statute of limitations and because the amended complaint fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida, on July 10, 2009.


  s/      William C. Sherrill, Jr.            
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.