IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLOYD D PRICE,

    Plaintiff,

v.                                                     CASE NO. 4:09-cv-00156-MP-WCS

MONICA DAVID, FREDERICK B DUNPHY,
WALTER A MCNEIL, TENA M PATE,

    Defendants.

_____/

# **O R D E R**

This matter is before the Court on Doc. 8, Report and Recommendation of the Magistrate Judge, recommending that this case be dismissed. The Plaintiff filed objections, Doc. 9, which the Court has reviewed. The Plaintiff was convicted of capital murder in 1974, and sentenced to life imprisonment without the possibility of parole for 25 years. When he became eligible for parole (his first parole hearing was in 1997), his parole was considered under guidelines passed in 1979. Plaintiff claims these are more stringent that the ones in effect when he was convicted, thus his repeated denial of parole under these guidelines are each a ex post facto violation.

The Court agrees with the Magistrate Judge, however, that this claim fails for two reasons. First, Plaintiff's cause of action accrued in 1997, when he first realized that the new parole guidelines would be applied to him. Thus, the four-year statute of limitations has long since expired. Furthermore, Plaintiff's argument that each parole denial is a new violation has been expressly rejected by the Eleventh Circuit in Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003)(holding that the decision not to consider the inmate for parole "was a one time act with continued consequences, and the limitations period was not extended.") and Brown v. Georgia

Board of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003)("Each time [the prisoner's] parole reconsideration hearing is set, it does not amount to a distinct and separate injury.")

Second, claims similar to Plaintiff's have also been rejected on their merits. In Paschal v. Wainwright, 738 F.2d 1173 (11th Cir. 1984), the court considered a challenge to the 1979 parole laws generally cited by Plaintiff here, and held that the ultimate discretion about granting parole is with the Parole Commission. Thus, as the panel stated in Damiano v. Florida Parole and Probation Commission, 785 F.2d 929, 933 (11th Cir.1986), "[w]hen appellant was convicted in 1974, parole was a matter of complete discretion. It remains so even under the objective parole guidelines of 1978, since parole is still ultimately a matter of discretion."

Accordingly, Plaintiff's claims are time barred and without merit. It is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. The amended complaint, Doc. 7, is **DISMISSED** as barred by the statute of limitations and because the amended complaint fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**DONE AND ORDERED** this  *23rd*   day of March, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge